UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEREMY KNUTSON,

    Plaintiff,

v.                                        Case No. 25-CV-1690

ASHWAUBENON PUBLIC SAFETY DEPARTMENT,
CAPT. KUBACKI, and K9 OFFICER TESKE,

    Defendants.

---

### SCREENING ORDER

---

Plaintiff Jeremy Knutson, who is currently housed at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

#### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and was assessed an initial partial filing fee of $0.10. On January 21, 2026, Plaintiff filed a motion to waive the initial partial filing fee. Plaintiff lacks the funds to pay the initial partial filing fee. Therefore, the Court grants Plaintiff's motion to waive the initial partial filing fee, waives the initial partial filing fee, and grants Plaintiff's motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

ALLEGATIONS OF THE COMPLAINT

Plaintiff is a pretrial detainee awaiting a jury trial in Brown County Case No. 25CF1547, *State of Wisconsin v. Jeremy Michael Knutson*, WIS. CIRCUIT COURT ACCESS, https://wcca.wicourts.gov/caseDetail.html?caseNo=2025CF001547&countyNo=5&index=0&mode=details#top (last visited Jan. 23, 2026). He is charged with bail jumping-felony as a repeater, bail jumping-misdemeanor as a repeater, resisting or obstructing an officer as a repeater, and retail theft as a repeater.

According to the complaint, on September 22, 2025, K9 Officer Teske detained Plaintiff at the corner of Williard Drive and Oneida Street in Green Bay, Wisconsin. Plaintiff asked numerous times whether he was being detained or under arrest. K9 Officer Teske responded that Plaintiff was being detained and was not under arrest. Although Plaintiff asserts that he was "forced" to allow K9 Officer Teske to search him or he would release his dog to attack Plaintiff, Plaintiff states that he refused to be searched. After Plaintiff refused to be searched, K9 Officer Teske directed Plaintiff to the side of the vehicle. Plaintiff asked for a sergeant to be called. Captain Kubacki arrived at the scene and stated they had a right to detain Plaintiff. At that point, Captain Kubacki and K9 Officer Teske kicked Plaintiff's feet out from under him, which caused Plaintiff's ankles and feet to bruise and swell up. Captain Kubacki and K9 Officer Teske pulled everything out of Plaintiff's pockets and made Plaintiff sit in the car in handcuffs while they ran Plaintiff's name. Neither K9 Officer Teske nor Captain Kubacki read Plaintiff his *Miranda* rights. Plaintiff was taken to jail based on "warrants." Plaintiff asserts that at no time during the

3

interaction did the officers know his identity or if he had outstanding warrants. Plaintiff seeks monetary damages. Compl. at 5–7, Dkt. No. 1.

ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). In this case, Plaintiff alleges Defendants violated his Fourth Amendment rights.

The Court concludes that it must abstain from hearing these issues under *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with on-going state proceedings. *See id.* at 45; *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Given the issues Plaintiff has presented, deciding the federal constitutional claims in this Court could (and likely would) undermine the state court criminal proceedings. Therefore, the Court must stay this federal civil rights action pending resolution of Brown County Case No. 25CF1547. *See Shaw v. Cty. of Milwaukee*, No. 21-1410, 2022 WL 1001434, at *2 (7th Cir. Apr. 4, 2022) (noting that because civil rights claims for monetary damages may become time-barred by the time a state prosecution has concluded, the court must stay and administratively close a case, rather than dismiss it). The Court will direct the clerk's office to administratively close this case. It is Plaintiff's responsibility to file a motion to reopen the case and lift the stay after his state court proceedings have concluded, including the resolution of post-conviction motions and other appellate relief. *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995).

4

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to waive the initial partial filing fee (Dkt. No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending resolution of Brown County Case No. 25CF1547. The clerk's office is directed to **ADMINISTRATIVELY CLOSE** this case. It is Plaintiff's responsibility to file a motion to reopen the case and lift the stay after his state court proceedings have concluded, including the resolution of post-conviction motions and other appellate relief.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Honorable Byron B. Conway
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on January 23, 2026.

>s/ *Byron B. Conway*
>BYRON B. CONWAY
>United States District Judge